CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
January 20, 2026
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS,  )<br>    Petitioner,  )<br>  )<br>v.  )<br>  )<br>CHADWICK S. DOTSON,  )<br>    Respondent.  ) | Civil Action No. 7:25-cv-00002<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

This action is a petition for relief under 28 U.S.C. § 2254 by Tarun Kumar Vyas, acting *pro se*. The court has issued an order of service. (Dkt. No. 93.) Pursuant to that order, the respondent filed a motion to dismiss on December 15, 2025. (Dkt. No. 124.) Vyas has 45 days from December 15, 2025, to file a reply in support of his petition. (Dkt. No. 106.)

The court notes that Vyas has filed, and continues to file, an excessive number of motions in this case, particularly motions to supplement.[1] The court will grant these motions to the extent that Vyas has submitted various arguments and materials for the court to consider when addressing this § 2254 petition. However, the court observes that the record in this case and in other cases filed by Vyas in this judicial district reflect a propensity by Vyas to abuse the legal system. In Case No. 7:23-cv-738, for example, counsel for defendants provided electronic messages sent by Vyas when he was detained at the Harrisonburg-Rockingham Regional Jail. These messages are evidence of a clear intent to harass government officials through litigation. (*See* Dkt. Nos. 30, 30-1, Case No. 7:23-cv-738.)[2]

---

[1] Although not labeled as such, motions to "grant consideration" will be treated the same as the several motions to supplement filed by Vyas. (*See, e.g.*, Dkt. Nos. 141, 142.)

[2] Examples include: ". . . All I'm gonna do is file appeal after appeal and bury these so called prosecutors in mountains of litigation. I don't care if I don't earn a single rupee. Rockingham county Virginia will be the most infamous county in USA by the time I'm done . . . ."; ". . . . I'm taking every case to the federal fourth circuit and if

Prisoners such as Vyas "do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions or actions." *Gorbey v. Obama*, Civil Action No. 7:16-cv-00455, 2016 WL 7157989, at *2 (W.D. Va. Dec. 6, 2016). Frivolous or malicious filings can and will result in the imposition of a pre-filing review system, and if such a system is placed in effect, pleadings not filed in good faith and lacking substance will be dismissed as frivolous. If such writings persist, the pre-filing system may be modified to include an injunction from the filings, and monetary sanctions may be imposed. *See* 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b), (c). Vyas is hereby warned that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction. *See Cromer v. Kraft Foods of N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). In this case, Vyas will be allowed one further filing—a reply brief that he is allowed to file pursuant to the briefing schedule described above. Any additional or supplemental filing will be subject to summary rejection or dismissal.

Finally, the court addresses various other motions that have been filed by Vyas as follows:

**Docket No. 26.** Vyas asks that the court "stay and/or abey" this habeas petition if the court rules that he needs to exhaust his claims in state court. This is an apparent reference to a procedure set forth by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 275 (2005) (federal district courts retain discretion to stay federal habeas proceedings and are

---

need be to the us supreme court. I want to be reimbursed for all the injustice and the multiple violations of not only the us constitution but also federal laws. I will also get CNN, ABC and MSNBC involved in my cases. It'll be the biggest case this backwater pathetic Rockingham county has ever seen! . . ."; and ". . . I'm staying here as we'll and just filing multiple federal lawsuits and wasting everyone's time and money. We can all go down together in the case law. . . ."

2

justified in doing so when a petitioner "run[s] the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims"). The court will deny this motion without prejudice. Vyas can present arguments in favor of a stay, if necessary, when he files his reply brief.

**Docket No. 29.** In this motion, Vyas requests that the court issue a certificate of appealability if his petition is either dismissed or denied. The court will deny this motion without prejudice. Vyas can present these arguments when he files his reply brief. The court notes that district courts are required to consider this issue *sua sponte* if the petition for relief is dismissed or denied. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

**Docket Nos. 31, 91.** Vyas has filed motions to grant admission to reasonable post-conviction bail. Courts have questioned whether the district court has the authority to grant bail pending a decision on a § 2254 petition, but if the authority does exist, it should only be exercised in an "extraordinary case involving special circumstances or a high probability of success." *Robinson v. Cohen*, C.A. No. 2:07-3270-SB-RSC, 2008 WL 512774, at *1 (D.S.C. Feb. 25, 2008) (citing *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001)). The court finds that this is not an extraordinary case or one with a high probability of success. The court will deny this motion.

**Docket No. 34.** In this motion, Vyas asks the court to "construe all violations of the rules of the Supreme Court of Virginia mentioned in the record, as alleging a violation of the relevant federal rules, which in turn makes a claim of the violation of due process rights . . . ." The court will deny this motion without prejudice. Vyas may argue that a particular violation violates his due process rights.

**Docket No. 39.** Vyas asks the court to expedite its consideration of this petition. Vyas simply argues that he deserves expedited consideration because he is entitled to relief and he should be released from prison as soon as possible. The court finds that there is no justification for granting this motion. In the context of a federal habeas petition that challenges a conviction in state court, federal courts entertain the presumption that the conviction was validly obtained. *See Johnson v. Bauman*, 27 F.4th 384, 397 (6th Cir. 2022) (noting that the exhaustion requirement ensures that the federal court "has the benefit of the state court's reasoned judgment, to which we afford great deference"); *Gaitan v. Dotson*, Civil Action No. 1:24-cv-380 (RDA/LRV), 2025 WL 1748681, at *4 (E.D. Va. June 24, 2025) (explaining that "[f]ederal habeas is neither an alternative to state-court relief nor an additional chance to appeal erroneous state-court rulings. That preference for, and deference to, state courts is borne out in the various constraints placed on federal courts") (citing *Harrington v. Richter*, 562 U.S. 86, 102 (2011) and *Shoop v. Hill*, 586 U.S. 45, 47 (2019)). Vyas is not entitled to "consideration of his § 2254 Petition on any particular schedule or ahead of other actions filed before his." *France v. State*, 1:13CV250, 2013 WL 11288870, at *1 (M.D.N.C. Nov. 20, 2013).

**Docket Nos. 64, 75.** Vyas moves the court to "command the properly limited and reasonable waiver of attorney-client privilege." He asks the court to "first share all of my trial and appellate counsels' submissions with me," and then "only after that, should the state be provided copies of any material so as to which I agree to waive the privilege." The court has no basis to make any such ruling as requested by Vyas. The court will deny these motions without prejudice.

**Docket No. 67.** Vyas moves for summary judgment on the basis that the court granted his motion at Docket Number 36. (*See* Dkt. No. 59.) According to Vyas, the court's granting of

4

this motion establishes several legal conclusions, such as that there was no probable cause or reasonable suspicion, there were multiple violations of constitutional law, and all physical evidence and his statements from his phone should have been suppressed. The court rejects the premise of this motion. The court's order made clear that it granted Vyas's motion (Dkt. No. 36) only to the extent that the court would "consider these supplemental materials when considering the issues of exhaustion, whether the court should issue a stay pursuant to *Rhines*, and other issues related to the merits of Vyas's petition." (Dkt. No. 59 at 1.) The court will deny this motion without prejudice.

**Docket No. 70.** Vyas moves the court to reinstate several motions once the court has ruled on the issue of exhaustion. The court will deny this motion without prejudice. To the extent that materials have been filed on the docket, they will be considered when the court addresses the petition and any related issues, such as exhaustion.

**Docket No. 72.** Vyas asks the court to certify several issues or questions that are the subject of a "circuit split" to the United States Supreme Court for resolution. The court will deny this motion.

**Docket No. 76.** In this motion, Vyas asks to amend the relief sought on page 16 in his habeas petition to request: "Please reverse my convictions, vacate my sentence and order my immediate release from custody." This motion will be granted.

**Docket No. 78.** Vyas ask the court to compel the Commonwealth of Virginia to preserve certain evidence from the criminal proceedings against him in state court, such as a cell phone and a chrome book. This motion is unnecessary and will be denied. The court presumes that any relevant evidence will be preserved if necessary.

**Docket Nos. 86, 87.** In these motions, Vyas is arguing that the court should not employ the deference required by the Antiterrorism and Effective Death Penalty Act (AEDPA) to certain of his claims and arguments. These motions will be denied without prejudice. Vyas is free to make these arguments in his reply brief.

**Docket Nos. 99, 128.** Vyas moves the court to "fully incorporate" the entire record from the Supreme Court of Virginia. Vyas also moves the court to include certain evidence and "command" that respondent provide entire court files of certain federal and state cases. The court will deny these motions without prejudice. The court expects that any materials relevant to the disposition of this petition will be made a part of the record in this case.

**Docket No. 114.** Vyas moves the court to correct the language of the docket entries at Docket Numbers 86 and 87. This motion will be denied without prejudice.

**Docket No. 144.** Vyas filed a motion to "grant a jury trial for all matters within the record." (Dkt. No. 144.) There is no basis for a jury trial in a proceeding pursuant to § 2254. *See Kemppainen v. Texas*, Civil Action No. C-08-229, 2008 WL 4809793, at *1 (S.D. Tex. Oct. 28, 2008) (explaining that the "rule that there is no right to jury trial in habeas corpus cases has been codified in the federal statute, 28 U.S.C. § 2243: 'the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require'") (citing *Sigler v. Parker*, 396 U.S. 482, 487 (1970)); *Mu'Min v. Dotson*, Civil Action No. 7:25cv00037, 2025 WL 1639453, at *1 (W.D. Va. June 9, 2025) (explaining that petitioner is not entitled to a jury trial in a habeas case). Accordingly, the court will deny this motion.

For the foregoing reasons, it is HEREBY ORDERED that petitioner's motions to supplement (Dkt Nos. 22, 30, 33, 35, 77, 79, 85, 110, 115, 118, 120, 126, 127, 130, 136, 141, 142, and 143) are GRANTED. It FURTHER ORDERED that the following motions are

6

DENIED without prejudice: Docket Numbers 26, 29, 31, 34, 39, 64, 67, 70, 72, 75, 78, 86, 87, 91, 99, 114, 128, and 144.  Petitioner's motion to amend (Dkt. No. 76) is GRANTED.

It is FURTHER ORDERED that petitioner may file **one additional brief** in support of his petition in accordance with the briefing schedule that has been established by the court.  **Any additional or supplemental filing will be subject to summary rejection or dismissal.  Vyas is hereby warned that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction.**

The Clerk shall transmit a copy of this order to Vyas and to all counsel of record.

Entered:  January 20, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge