CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

August 12, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TARUN KUMAR VYAS, | ) | |
| Petitioner, | ) | Civil Action No. 7:25-cv-00002 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CHADWICK S. DOTSON, | ) | Chief United States District Judge |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

This action is a petition for relief under 28 U.S.C. § 2254 by Tarun Kumar Vyas, acting

*pro se*. Before the court is a motion for a more definite statement filed by the respondent. (Dkt.

No. 221.) Also before the court are several motions filed by the petitioner.

The court observed in a previous order that Vyas "has filed, and continues to file, an

excessive number of motions in this case, particularly motions to supplement." (Dkt. No. 147.)

This trend has unfortunately continued in the months following the court's order, even though

the order warned that "continuing to file frivolous, malicious, abusive, or vexatious filings may

result in the imposition of a pre-filing injunction." (*Id.* at 2.) The order also stated that aside

from a brief in opposition to respondent's motion to dismiss, any "additional or supplemental

filing will be subject to summary rejection or dismissal." (*Id.* at 7.) The court will dismiss the

bulk of Vyas' motions pursuant to this order. [1]

---

[1] The court will deny two of Vyas' motions— for an evidentiary hearing (Dkt. No. 89) and to appoint
counsel (Dkt. No. 111)—without prejudice because the court does not consider an evidentiary hearing to be
necessary and the interests of justice do not support the appointment of counsel. *See* 28 U.S.C. § 2254(h); 18 U.S.C.
§ 3006(A). Appointment of counsel for a § 2254 petitioner who qualifies for appointment of counsel under 18
U.S.C. § 3006(A) is only required when necessary for utilization of discovery procedures and when an evidentiary
hearing is required. *See* Rules 6(a) and 8(c), Rules Governing Section 2254 Cases in the United States District
Courts. The court's order that warned Vyas against excessive filings does not apply to any future request for an
evidentiary hearing or to appoint counsel.

Respondent's motion for a more definite statement expresses frustration with understanding the nature of Vyas' claims due to Vyas' motions to supplement, some of which have been granted, some of which are still pending.  Respondent also notes that petitioner has filed a motion for leave to file an amended petition.  (Dkt. No. 217.)  The court agrees with respondent that granting this motion would "afford Petitioner the opportunity to individually set forth each of his claims and their supporting facts and legal arguments . . . ."  (Dkt. No. 221 at 6.)[2]

Finally, the court notes that respondent has filed a motion to dismiss, arguing that petitioner has not exhausted his state court remedies.  (Dkt. No. 124.)  Since that time, the Supreme Court of Virginia dismissed Vyas' state habeas petition, and respondent was granted additional time for further briefing on the merits of Vyas' petition.  (Dkt. No. 212.)  As it appears to the court that respondent will not be arguing for dismissal on the basis of failure to exhaust, the court will deny respondent's motion to dismiss without prejudice.

Based on the foregoing, it is HEREBY ORDERED as follows:

1.      Respondent's motion for a more definite statement (Dkt. No. 221) is GRANTED, and petitioner's "Motion to Grant Leave of Court to File an Amended Petition Before the Respondent is Allowed to Respond" (Dkt. No. 217) is GRANTED.  Petitioner shall file an amended petition within 60 days of this order.  The amended petition shall include all of petitioner's claims that he intends to pursue in this action.  Respondent shall have 45 days to respond to the amended petition;

---

[2] As to the balance of Vyas' motions, they are dismissed pursuant to the court's warning order.  To the extent a motion was filed before the court entered its warning order or before Vyas received notice of the order, the motion is rejected because it lacks merit.

2.  Petitioner's motions for an evidentiary hearing (Dkt. No. 89) and to appoint counsel (Dkt. No. 111) are DENIED without prejudice;

3.  All other pending motions filed by Vyas are DISMISSED WITHOUT PREJUDICE; and

4.  Respondent's motion to dismiss (Dkt. No. 124) is DENIED WITHOUT PREJUDICE.

The Clerk shall transmit a copy of this order to petitioner and to all counsel of record.

Entered: August 12, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge